IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| JAMES O. GIBSON, *et al.* <br><br> Plaintiffs, <br><br> vs. <br><br> WELLS FARGO BANK, N.A., as Investor, Individually and as Trust Administrator, Jointly and Severally, *et al.* <br><br> Defendants. | Case No.: 1:10-cv-00304-LO-IDD |

### DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT

Defendants Wells Fargo Bank as Trustee for Renaissance 2004-1 ("Wells Fargo"), incorrectly named as Wells Fargo Bank, N.A., as Investor, Individually, and as Trust Administrator, Jointly and Severally, and Ocwen Loan Servicing, LLC ("Ocwen") (collectively, "Defendants"), hereby file this Opposition to Plaintiffs James O. Gibson and Teri Gibson's Motion for Summary Judgment and request this Court deny the Plaintiffs' Motion.

### INTRODUCTION

The gravamen to Plaintiffs' claims is that the Defendants lack legal authority under the Deed of Trust to foreclose on the subject property. In support of this contention, Plaintiffs focus on the lost note affidavit that, according to Virginia Code Ann. Section 55-59.1(B), is to be sent to the trustee in the event the note secured by the deed of trust is lost or otherwise unavailable. As discussed in Defendants' Motion for Summary Judgment, there are no genuine issues of material fact as to whether the Defendants have the authority to enforce the Deed of Trust and to

foreclose on the subject property due to Plaintiffs' admitted default. Accordingly, Plaintiffs' Motion for Summary Judgment should be denied.

## ARGUMENT

### A. Summary Judgment Standard

A motion for summary judgment should be granted only when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment bears the burden of showing both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To meet this burden, the moving party must show that no reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). On summary judgment, the court must view the facts, and all reasonable inferences to be drawn therefrom, in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### B. Wells Fargo, as the Current Investor in the Promissory Note, is Authorized to Appoint a Substitute Trustee and to Foreclose on the Subject Property.

Plaintiffs' Motion for Summary Judgment alleges that: (a) Defendants are not the proper party to enforce the Promissory Note; and (b) the Defendants are not the "Lender" or secured party under the Deed of Trust and therefore are not entitled to appoint a substitute trustee and foreclose on the property. *See* Pltfs' Motion pgs. 6-8. Contrary to Plaintiffs' contentions, Defendants are not "stranger[s] to the debt" without proof of rights to the debt. Instead, Defendants, as the holders and beneficiaries of the Promissory Note, are entitled to invoke the power of sale under the Deed of Trust.

### 1. Wells Fargo is the Proper Party with Authority to Foreclose on the Property.

The Promissory Note at issue is freely transferrable. *See* Stipulation of Fact, Dkt. No. 11, Exh. A, pg. 1 ("[A]nyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"). *Id.* Further, the Deed of Trust provides that MERS (solely as nominee for the Lender and Lender's successors and assigns) and the successors and assigns of MERS are the beneficiary of the Security Instrument. *See* Stipulation of Fact, Dkt. No. 11, Exh. B, pg. 1 "Borrower's Transfer to Lender of Rights in the Property".

Here, Plaintiff James O. Gibson executed a Promissory Note in favor of Delta Funding Corporation. *See* Stipulation of Fact, Dkt. No. 11, Exh. A. MERS assigned the Deed of Trust to Delta Funding Corporation. *See* Jones Decl. ¶ 6, attached hereto as <u>Exhibit 1</u>. The Promissory Note was endorsed from Delta Funding Corporation to Wells Fargo without recourse, as evidenced by the Allonge attached the Promissory Note. *See* Jones Decl. ¶ 7. During discovery, the Defendants presented the Promissory Note with the attached Allonge to the Plaintiffs in a request for admission, Plaintiffs were requested to admit that the Promissory Note is genuine and authentic and admissible in evidence at trial "for all purposes." *See* Defendants' Request for Admission No. 1, attached hereto as <u>Exhibit 2</u>. Plaintiffs failed to timely serve responses to the Request for Admissions. The Allonge is deemed admitted. *See* Notice of Deemed Admissions, Dkt. No. 12. Furthermore, the Court denied Plaintiffs' Motion to Amend/Correct the Admissions. *See* Dkt. No. 22. Accordingly, the Allonge which is admissible for all purposes and deemed genuine and authentic, provides evidence of the Defendants' authority to foreclose on the property. *See* Jones Decl. ¶ 7. Plaintiffs' statements that there is no evidence proving the Defendants are entitled to foreclose on the property is disingenuous.

### 2. Wells Fargo is the Secured Party under the Deed of Trust and Entitled to Appoint Substitute Trustees.

The Deed of Trust clearly confers authority on the holder of the note to foreclose on the property in the event of the Plaintiffs' default, which in this case is undisputed. Contrary to Plaintiffs' assertion, there is no provision in the Deed of Trust stating that "only" the original Lender may appoint substitute trustees to foreclose on the Property. Furthermore, Plaintiffs' claim ignores the inherent transferability of the underlying Note. Under Virginia law, when a note is assigned, the deed of trust securing the debt necessarily runs with it. *Upperman v. Deutsche Bank Nat. Trust Co.*, 2010 WL 1610414 *3, (E.D. Va. 2010) (citing *Stimpson v. Bishop*, 1886 WL 2987, *7 (1886) ("It is undoubtedly true that a transfer of a secured debt carries with it the security without formal assignment or delivery")). The Deed of Trust provides that "any person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Security Instrument." *See* Stipulation of Fact, Dkt. No. 11, Exh. B, ¶ 19.[1] It also provides that if the borrower is in default and "Lender requires the Immediate Payment in Full, Lender may direct the Trustees to exercise their Power of Sale to take away all of [the borrower's] remaining rights in the Property, and to have the Property sold." *See* Stipulation of Fact, Dkt. No. 11, Exh. B, ¶ 19.

Here, the note was endorsed from Delta Funding Corporation to Wells Fargo. *See* Jones Decl. ¶ 7. As such, Wells Fargo took over the Lender's rights and has all of the Lender's rights,

---

[1] Plaintiffs' citations to purported language of the subject deed of trust are incorrect. Specifically, Paragraphs 16, 22, and 24 of the Deed of Trust signed by the Gibsons and attached to the parties Stipulation of Fact, Dkt. No. 11, Exh. B, do not state what Plaintiffs quote in their summary judgment motion. *See* Pltfs' Motion pgs. 6-9. Specifically, the Deed of Trust at issue in this case does not define "may" in Paragraph 16, nor does it state that only the beneficiary or the secured party may invoke the power of sale in Paragraph 22. Additionally, Paragraph 24 does not provide that the mere fact that the notice is sent, or the affidavit is provided, "does not a valid foreclosure make." *Id.* The above-mentioned citations are from the Deed of Trust at issue in the *Tiemeyer* case, not the Deed of Trust in this case.

including the ability to foreclose on the property. This includes the right to appoint a substitute trustee. *See* Va. Code Ann. § 55-59(9) ("The party secured by the deed of trust, or the holders of greater than fifty percent of the monetary obligations secured thereby, *shall have the right and power to appoint a substitute trustee or trustees for any reason.*")(emphasis added). In accordance with Va. Code Ann. § 55-59(9), Nectar Projects was appointed as Substitute Trustee to initiate foreclosure proceedings on behalf of Wells Fargo, the current investor in the Promissory Note. *See* Stipulation of Fact, Dkt. No. 11, Exh. C. Furthermore, Ocwen as servicer for the current investor in the note has authority to enforce the Deed of Trust. *See Larota-Florez v. Goldman Sachs Mortg. Co.*, 719 F. Supp. 2d 636 (E.D. Va. 2010) (granting summary judgment for servicer in part because Litton, as servicer, had the right to enforce the deed of trust, appoint substitute trustee, and initiate foreclosure proceedings since the note was freely transferrable and the borrower was in default). Therefore Defendants properly exercised their rights to appoint Nectar Projects, Inc. as substitute trustee and to institute foreclosure proceedings under the Deed of Trust, the Promissory Note, and Virginia law.

Plaintiffs' legal theory in support of their quiet title and declaratory judgment claims fails on the basis of the facts alleged, the documents which have been stipulated to or deemed admitted, and as a matter of law. *See Horvath v. Bank of New York*, 2010 WL 538039 (E.D. Va. 2010); *Merino v. EMC Mortgage Corp.*, 2010 WL 1039842 (E.D. Va. 2010)(rejecting the same legal theory that is asserted by the Plaintiffs in this action.)

### C. Real Property Laws in Section 55-59.1(B) Govern the Affidavit of Lost Note in this Non-judicial Foreclosure Action.

Under Virginia law, the words in a statute are to be interpreted according to their ordinary meaning "given the context in which they are used." *City of Va. Beach v. Bd. of Supervisors of Mecklenburg Cnty.*, 435 S.E.2d 382, 384 (Va. 1993) (citing *Grant v. Commonwealth*, 292 S.E.2d

348, 350 (1982)). "The context may be examined by considering the other language used in the statute . . . and the language of other statutes dealing with closely related subjects." *Id.* (citations omitted). Contrary to the novel reading by the Plaintiffs, the plain language and context of Section 55-59.1 shows that it, not Section 8.3A-309 applies to the lost note affidavit provided in this action.[2]

Virginia Code Sections 55-59.1 through 55-59.4 set forth the procedural requirements for a non-judicial foreclosure sale. Here, Gibson's original Promissory Note was lost, destroyed, or misplaced. According to Section 55-59.1(B), Wells Fargo is entitled to foreclose on the subject property because it (1) submitted an affidavit to the trustee stating that the note is lost or for any reason cannot be produced and (2) gave proper notice to the borrower:

> If a note or other evidence of indebtedness secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submitted to the trustee an affidavit to that effect, the trustee may nonetheless proceed to sale, provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable and a request for sale will be made of the trustee upon expiration of 14 days from the date of mailing of the notice.

Va. Code § 55-59.1(B).

Section 55-59.1(B) clearly provides that if the note "is lost or for any reason cannot be produced and the beneficiary submitted to the trustee an affidavit *to that effect*," the trustee may proceed with the foreclosure, "provided the beneficiary has given written notice to the person required to pay the instrument." *Id.* (emphasis added). Plaintiffs do not dispute that a lost note affidavit was sent to Nectar Projects, Inc. as Substitute Trustee or that the Plaintiffs were sent written notice of the lost note. *See* Pltfs' Motion pg. 4. Nor do Plaintiffs dispute that the

---

[2] Plaintiffs acknowledge that under Virginia law the language of a statute are to be given their plain meaning. Yet Plaintiffs ask this court to look outside of the plain, ordinary meaning of the language in Section 55-59.1(B) by applying Section 8.3A-309, which governs lost negotiable instruments in a judicial action, not in a non-judicial foreclosure action.

affidavit complied with Section 55-59.1(B) and provided that the note was lost or otherwise unavailable. But rather than follow the clear comports of Section 55-59.1(B), Plaintiffs argue that the affidavit was defective because it did not comply with Section 8.3A-309 of the Virginia Code.

Even assuming Plaintiffs have standing to challenge the sufficiency of the lost note affidavit which was to be presented to the trustee, not the Plaintiffs, the affidavit is governed by Section 55-59.1(B), not Section 8.3A-309.[3] It is clear from the plain language of Section 8.3A-309 that it only applies when a party is attempting to enforce an instrument through a judicial action (*i.e.*, a lawsuit to collect on a Promissory Note). Here, Defendants are enforcing rights in a non-judicial foreclosure action under the Deed of Trust, not the Promissory Note, and unlike the Promissory Note, the Deed of Trust is governed by the laws of real property rather than the Uniform Commercial Code. It is well-settled that laws affecting enforcement of a promissory note are distinct from those affecting a deed of trust. In *General Elec. Credit Corp. v. Lunsford*, 209 Va. 743, 748, 167 S.E. 2d 414 (1969), the Supreme Court of Virginia held:

> [The security agreement] fixes the relative status of the land and the notes and the rights of the holder of the notes, respecting the land, whatever his right may be respecting the money called for by the notes . . . Though the two papers are executed at the same time and closely related, they have different subjects and purposes, and there is no rule of interpretation or construction requiring them to be so treated as to affect either subject in a manner different from that intended by the parties or to defeat any of the purposes intended . . . *Being separate or at least separable, the note may and does confer one right and the security another. The former is governed by the law of merchant and the latter by the law of real property and equitable rules and principles* . . . Here we have under consideration

---

[3] Plaintiffs' Motion for Summary Judgment states that the *Tiemeyer* case "reveals [that] a homeowner has the right to challenge the sufficiency of the lost note affidavit." *See* Pltfs' Motion pg. 8. However, Defendants' note that the *Tiemeyer* Court did not specifically address the Plaintiffs' standing to challenge the sufficiency of the lost note affidavit. Furthermore, Va. Code Section 55-59.1(B), states that a borrower's remedy if he believes he may be subject to competing or contrary claims to enforce the Note is to petition the court for "adequate protection." There is no statutory authority for Plaintiffs' assertion that the borrower has the right to stall or enjoin the foreclosure sale by challenging the sufficiency of the lost note affidavit.

a resort to the security only, and the subject of inquiry is the extent to which the land is bound by the terms and provisions of the deed reserving the lien.

*General Elec. Credit Corp. v. Lunsford*, 209 Va. 743, 748, 167 S.E. 2d 414 (1969) (emphasis added).

Moreover, Plaintiffs reliance on *Tiemeyer* is misplaced. *See* Pltfs' Motion pg. 8. Plaintiffs present the same arguments here as did the Plaintiffs in *Tiemeyer*. Plaintiffs' claim that the affidavit of lost note fails to satisfy Section 8.3A-309 because: (1) the affiant fails to establish personal knowledge of the subject, (2) the affiant relies on documents he does not state he has reviewed, and (3) the affidavit fails to prove the terms of the instrument.[4] *Id.* It is true that the Virginia Supreme Court granted Tiemeyer's petition for review of the denial of an injunction "for further consideration of the applicability of Va. Code § 8.3A-309 to the facts of this case." But even on reconsideration, the trial court still rejected the argument that it should look to Section 8.3A-309 to define the requirements for an affidavit supplied under Section 55-59.1(B). *See* attached hereto as <u>Exhibit 3 and 4</u>, respectively, *Tiemeyer v. Residential Credit Solutions, Inc.*, Va. Cir. Ct. No. CL10002173 (Va. Cir. Ct. 2010) (April 16, 2010 Order denying injunctive relief); *Tiemeyer v. Residential Credit Solutions, Inc.*, Va. Cir. Ct. No. CL10002173 (Va. Cir. Ct. 2010) (May 26, 2010 Order reinstating April 16, 2010 order and denying injunctive relief). The Alexandria Circuit Court held that the affidavit supplied to the trustee that provided that the "note has been lost or destroyed and cannot be produced" was sufficient under Section 55-59.1(B). The Circuit Court's rationale in *Tiemeyer*, applies equally to the instant case.

All requirements under Section 55-59.1(B) were met in this non-judicial foreclosure action. Thus, Plaintiffs' Motion for Summary Judgment should be denied.

---

[4] Although Section 8.3A-309 does not apply, Plaintiffs concede and Defendants note that the affidavit does prove the terms of the Note by attaching a copy as would be required under that Section.

## CONCLUSION

Plaintiffs' Motion for Summary Judgment should be denied because Defendants have authority to foreclose on the subject property. First, the Promissory Note was assigned to Wells Fargo by Delta Funding Corporation as evidenced by the Allonge attached to the Promissory Note. Second, as holders of the note and as beneficiaries, Defendants were authorized to appoint Nectar Projects as Substitute Trustee in order to institute foreclosure proceedings. Third, Virginia Code Ann. Section 55-59.1 governs the affidavit of lost note that must be supplied when a note is lost in a non-judicial foreclosure action, not Section 8.3A-309. Defendants complied with Section 55-59.1(B) by submitting an affidavit of lost note to the trustee stating that the note was lost or otherwise unavailable and by providing the Plaintiffs with the requisite notice. For the foregoing reasons, Defendants respectfully requests that the Court enter an order: (i) denying Plaintiffs' Motion for Summary Judgment; and (ii) granting such other and further relief as is proper.

Date: January 7, 2011.

Respectfully submitted,

OCWEN LOAN SERVICING, LLC and
WELLS FARGO BANK, N.A.
      /s/
_____
J. Douglas Cuthbertson
Virginia State Bar No. 41378
D. Margeaux Witherspoon
Virginia State Bar No. 75582
Attorneys for Ocwen Loan Servicing, LLC and Wells Fargo Bank, N.A.
Miles & Stockbridge P.C.
1751 Pinnacle Dr., Ste. 500
McLean, VA 22102
Phone: 703-610-8676
Fax: 703-610-8686
jcuthber@milesstockbridge.com
mwitherspoon@milesstockbridge.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Christopher E. Brown, Esq.
Brown, Brown & Brown, PC
6269 Franconia Road
Alexandria, VA 22310
brownfirm@lawyer.com

And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

None.

                                            /s/
                                 J. Douglas Cuthbertson
                                 Virginia State Bar No. 41378
                                 D. Margeaux Witherspoon
                                 Virginia State Bar No. 75582
                                 Attorneys for Ocwen Loan Servicing, LLC and Wells Fargo Bank, N.A.
                                 Miles & Stockbridge P.C.
                                 1751 Pinnacle Dr., Ste. 500
                                 McLean, VA 22102
                                 Phone: 703-610-8676
                                 Fax: 703-610-8686
                                 jcuthber@milesstockbridge.com
                                 mwitherspoon@milesstockbridge.com