FILED
JAN 19 2011
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JAMES O. GIBSON and TERRI GIBSON )
)
    Plaintiffs, )
)
v. ) Civil Case No.: 1:10-cv-304
)
WELLS FARGO BANK, N.A., et al., )
)
    Defendants. )

### MEMORANDUM OPINION

This matter comes before the Court upon the parties' motions for summary judgment. (Dkt. Nos. 23, 26). The parties have fully briefed and argued the motions, and the matter is ripe for disposition. For reasons stated below, it is hereby

ORDERED that Defendants' Motion for Summary Judgment is GRANTED, and that Plaintiffs' Motion for Summary Judgment is DENIED.

### STATEMENT OF FACTS

On or about February 9, 2004, Plaintiff James Gibson executed a promissory note in favor of Delta Funding Corporation ("Delta"), in the amount of $379,600.00 (the "Note"). The Note was assigned from Delta to Wells Fargo. Ocwen currently services the Note on behalf of Wells Fargo.

The Note was secured by a Deed of Trust executed by both Plaintiffs on February 9, 2004, recorded in the land records of the City of Alexandria, Virginia in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Delta, and Delta's successors and assigns. MERS assigned the Deed of Trust to Delta three days later.

Gibson failed to make the required payments under the Promissory Note secured by the Deed of Trust, and is in default thereof. Pl.'s Mot. Summ. J. 4.

On April 14, 2009, Wells Fargo appointed Nectar Projects, Inc. as substitute trustee in order to initiate foreclosure proceedings on behalf of Wells Fargo. On the same day, Nectar

notified Gibson of the default, and also informed him that the original Note was lost, misplaced, or destroyed.

Plaintiffs filed the instant action in state court on October 15, 2009. On December 3, 2009, the pending foreclosure sale was stayed. Defendants removed the action to this Court on March 30, 2010. On November 19, 2010, this Court granted Plaintiffs' voluntary Motion to Dismiss Counts I, III, V, and VI of their original complaint. At present, the only remaining counts against Defendants are Count II for a Declaratory Judgment and Count IV to Quiet Title.

Count II alleges that Defendants have no legal or equitable right or interest in the Note or Deed of Trust, or in the alternative, that the obligation has been extinguished, satisfied, or is void, or has been split from the Deed resulting in an unsecured note. Compl. ¶ 54. Count II further alleges that Defendants have no standing to effectuate a valid and legal foreclosure, and that Defendants have no privity of contract with Plaintiff. Plaintiffs seek an order declaring that the Deed of Foreclosure is void and of no effect. *Id.* at ¶¶ 55-56.

Count IV alleges that Plaintiff is the only party to the matter that can prove legal and equitable ownership interest in the property, and seeks a declaration that the title to the property is vested in Plaintiff alone. *Id.* at ¶¶ 62-63.

## ANALYSIS

1. Applicable legal standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A party seeking or opposing summary judgment must support their factual position by citing materials in the record, or showing that materials cited do not establish the absence or presence of a genuine dispute. FED. R. CIV. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The issue of material fact is not "required to be resolved conclusively in favor of the party asserting its existence; rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat. Bank of Ariz. v. Cities Svc. Co.*, 391 U.S. 253, 288-289, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968).

2. Defendants' authority to foreclose

There is no genuine issue of material fact as to whether Defendants had authority to foreclose on the subject property. The undisputed facts establish Wells Fargo as holder of the Note. James Gibson executed the Note in favor of Delta. The Note at issue is transferrable. *See* Joint Stipulation of Facts, Ex. A, Promissory Note ("I understand that the Lender may transfer this note."). Delta endorsed the Note to Wells Fargo without recourse, as evidenced by the Allonge attached to the Note. *Id.*, Allonge. During discovery, Defendants presented the Note with the attached Allonge to Plaintiffs, requesting an admission that the documents were genuine and authentic. Def.'s Mot. Summ. J., Ex. 4, Def.'s First Interrogatories. Plaintiffs failed to serve timely responses to this request, and the validity, authenticity, and admissibility of the documents were deemed admitted. Notice of Deemed Admissions, Dkt. No. 12; *see also* Order Denying Mot. to Amend/Correct Deemed Admissions, Dkt. No. 22.

The undisputed material facts also establish Well Fargo as the secured party under the Deed. The Deed lists Delta as "Lender" and MERS as nominee for Lender and beneficiary under the instrument. Joint Stipulation of Facts, Ex. B, Deed of Trust, 1. MERS subsequently assigned the mortgage to Delta. The Deed itself provides that "any person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Security Instrument." *Id.* at ¶ 11. It further provides that if the borrower is in default, the Lender may request immediate payment in full, and may direct trustees to exercise their power of sale. *Id.* at ¶ 19.

Plaintiffs argue that Defendants cannot enforce the Deed because "only" the original lender, Delta, may appoint a trustee or invoke the power of sale under the Deed. There is no language in the Deed to support this position. Again, there is no dispute that Delta transferred the Note to Wells Fargo, and under established Virginia law, the deed of trust securing a debt necessarily runs with the assignment of a Note. *See, e.g., Areebuddin v. Onewest Bank, F.S.B.*, No. 1:09-cv-1083, 2010 WL 1229233, at * 3 (E.D. Va. Mar. 24, 2010) ("Under Virginia law, when a note is assigned, the deed of trust securing that debt necessarily runs with it."); *Stimpson v. Bishop*, 82 Va. 190, 1886 WL 2987, at *7 (Va. S. Ct. Jul. 1, 1886) ("It is undoubtedly true that a transfer of a secured debt carries with it the security without formal assignment or delivery."). Therefore, Wells Fargo took over the Lender's rights, including the ability to foreclose on the property, and the right to appoint a trustee. *See* Va. Code § 55-59(9) ("The party secured by the

deed of trust . . . shall have the right and power to appoint a substitute trustee or trustees for any reason and, regardless of whether such right and power is expressly granted in such deed of trust, by executing and acknowledging an instrument designating and appointing a substitute.").

Plaintiffs' argument regarding Defendants' standing to enforce the Deed is without merit. "The fundamental flaw in Plaintiffs' allegation is that Virginia is a non-judicial foreclosure state." *Tapia v. U.S. Bank*, 718 F. Supp. 2d 689, 698 (E.D. Va. 2010). In Virginia, Sections 55-59.1 through 55-59.4 of the code lay out the procedural requirements an interested party must satisfy in order to initiate a foreclosure. These provisions do not require the foreclosing party to demonstrate standing in a court of law. *Id.* The Court therefore rejects Plaintiffs' "standing" argument.

3. Validity of lost note affidavit

Plaintiffs also argue that, under Va. Code § 8.3A-309, Defendants have failed to satisfy the requirements of a lost note affidavit. This argument also lacks merit. While the cited section of Virginia code nominally applies to "lost, destroyed, or stolen" security instruments, a closer reading reveals its inapplicability under these circumstances. Section 8.3A-309 applies to situations *governed by the Uniform Commercial Code* in which an aggrieved party seeks judicial enforcement of an instrument's terms. Virginia is a non-judicial foreclosure state in which the law of real property governs deeds of trust. *See General Elec. Credit Corp. v. Lunsford*, 167 S.E. 2d 414, 418 (Va. 1969) ("[T]he note may and does confer one right and the security another. The former is governed by the law merchant, and the latter by the law of real property . . . .").

Section 55-59.1 of Virginia Code, by contrast, applies unambiguously to the case at bar. Title 55 of Virginia Code pertains to "Property and Conveyances," and Section § 55-59.1(B) expressly and particularly governs the issue at hand: "If a note . . . secured by a deed of trust is lost or for any reason cannot be produced and the beneficiary submits to the trustee an affidavit to that effect, the trustee may nonetheless proceed to sale provided the beneficiary has given written notice to the person required to pay the instrument that the instrument is unavailable . . . ." Plaintiffs do not dispute that Defendants gave notice of the lost instrument. Pl.'s Mot. Summ. J. 4.

Plaintiffs' reference to *Tiemeyer v. Residential Credit Solutions, Inc.* does not save their argument. It is true that the Virginia Supreme Court remanded Tiemeyer's case "for further consideration of the applicability of Code § 8.3A-309 to the facts of this case." *Tiemeyer v.*

4

*Residential Credit Solutions, Inc.*, Record No. 100733 (Va. S. Ct. Apr. 19, 2010). On reconsideration, however, the trial court rejected Tiemeyer's argument that courts should look to Section 8.3A-309 to define the requirements for an affidavit supplied under Section 55-59.1(B). *Tiemeyer v. Residential Credit Solutions, Inc.*, Case No. CL 10002173 (Va. Cir. Ct. May 26, 2010). The trial court affirmed its prior order, ruling that the defendant had satisfied the requirements of Section 55-59.1(B). *Id.* Plaintiff has cited no other authority in support of its position, and this Court is aware of none.

## CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment is GRANTED, and Plaintiffs' Motion for Summary Judgment is DENIED.

/s/
Liam O'Grady
United States District Judge

January 19, 2011
Alexandria, Virginia